## H. N. MOREHEAD v. DANL. WHITMER.

Lands and Conveyances — Deeds — Construction Description by Metes and Bounds.

> A deed expresses "for a consideration of $3,957," describes the land by metes and bounds, and "containing 158 acres, 1 rood and 7 poles, be the same more or less." An action was brought for an unpaid balance due of this sum, and defendant filed an offset claiming to have received only 148 acres and that the land was sold at $25 *per acre* and not for the bulk sum as shown by the deed. The evidence was contradictory. The court held, that regardless of the fact of the sale, which seemed from the evidence was *by the acre,* it did not appear there was an agreement that either party should account for a deficiency or excess in quantity, and the deed was made absolute.

APPEAL FROM M'LEAN CIRCUIT COURT.

May 31, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellee, who was plaintiff in the court below, sold the appellant a tract of land lying near the town of Sacramento, in McLean county, on the 16th day of May, 1860, and conveyed it to him, for the consideration expressed in the deed, of $3,957, the deed describing the land by metes and bounds, and containing 158 acres, one rood, and seven poles, "be the same more or less."

This action was brought on the 10th day of August, 1863, to recover the balance of a note of $1,037.20, given by the appellant for the last payment of the price of the land.

The defendant filed an answer and subsequently an amendment thereto, which is made a counterclaim alleging that the sale was made of the land by the acre, at the price of $25 per acre, and the plaintiff exhibiting his deed and representing the true quantity to be 158 acres, one rood, and seven poles, the sum of $3,957 was ascertained by a calculation of the quantity, so represented, at the price of $25 per acre, and stated in the deed, the defendant not himself knowing the true quantity, but confiding in the representations of the plaintiff, which representations he charges

28

were false and fraudulently made, and that upon an accurate survey, the true quantity of the land was found to be only 148 acres, two roods, and ten poles, the tract being ascertained to be deficient in quantity, nine acres, two roods, and twenty-seven poles.

The plaintiff in reply to the counterclaim denies all fraud and misrepresentation with which he is charged, and denies that the sale was by the acre, and alleges it was a sale in gross.

The evidence is contradictory, but from the testimony of one of the witnesses for the plaintiff it appears a calculation was made when the deed was drawn. It is proved that the plaintiff himself afterward stated that the sale was made at the price of $25 per acre, and the draftsman of the deed testifies unequivocally that the sale was made by the acre, at $25 per acre, the amount of $3,957, expressed in the deed, being the result of a calculation made at the time. But while we think it appears by a preponderance of the evidence that the sale as contracted and understood was by the acre, it does not appear that it was agreed, or contemplated, that either party shall account for any excess or deficiency in the quantity which might thereafter be ascertained, and there is evidence conducing to show that the parties at the time understood and intended to estimate the tract as containing the quantity expressed in the deed, whether there was in fact " more or less " in the tract, and the deficiency subsequently ascertained is such as might have been " reasonably calculated on, as within the range of ordinary contingency," we think the court properly dismissed the defendant's counterclaim for the alleged deficiency.

Wherefore, the judgment is affirmed.

*Sweeney & Tanner,* for Appellant.

*Owen,* for Appellee.